**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **PAUL MIGLIACCIO,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. |
| | ) |
| **ALLY BANK,** | ) |
| | ) |
|     **Defendant.** | ) |

**NOTICE OF REMOVAL**

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1441 and 1446, Defendant Ally Bank ("Ally") hereby gives notice of the removal of the above-styled civil action from the Superior Court for Kennebec County, State of Maine where it is now pending, to the United States District Court for the District of Maine. In support of its Notice of Removal, Ally states the following:

**ALLEGATIONS OF THE COMPLAINT**

1.    On or about July 25, 2024, Plaintiff Paul Migliaccio ("Plaintiff"), on behalf of himself and all others similarly situated, filed the Complaint in this action in the Kennebec County (Maine) Superior Court, Docket No. CV-24-141. A copy of the Complaint is attached as "**Exhibit 1**."

2.    The Complaint alleges claims seeking relief on behalf of a putative class of Maine consumers and alleges violations of the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§205-A–214 and 26-239 C.M.R. Ch. 104 §5(B) (2004). The Complaint also seeks attorney's fees and costs pursuant to 5 M.R.S.A. §213.

3.    The Complaint alleges the following putative class: "all persons (i) who have bought a vehicle primarily for personal, household or family use from a car dealer in Maine; (ii)

were charged document fees; and (iii) entered into a finance contract that was assigned to the Defendant, Ally Bank in the six years preceding the filing of this complaint." (Compl. ¶ 41.)

4. Ally denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court and removal is proper.

## REMOVAL PROCEDURES

5. In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by Defendant are attached hereto as "**Exhibit 2**."

6. Ally was served with the Complaint in this case on July 30, 2024. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(1), because Ally is filing this Notice of Removal "within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading . . . ." *Id.*

7. This action is removable pursuant to 28 U.S.C. § 1441(a), which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction. This Court has original jurisdiction based upon 28 U.S.C. § 1332(d) because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and a defendant, and the aggregate amount in controversy exceeds $5,000,000.

8. Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division embracing Superior Court for Kennebec County, Maine where the state court action is pending. *See* 28 U.S.C. § 81(a)(3).

22195341.1

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Superior Court for Kennebec County, Maine.

## CAFA JURISDICTION

10. This Court has subject matter jurisdiction pursuant to CAFA because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and one defendant (minimal diversity), and the aggregate amount in controversy exceeds $5,000,000.

### Plaintiff's Action is a Class Action for Purposes of CAFA

11. The Complaint is titled: "Class Action Complaint." (Compl., p. 1). It states: "This lawsuit is necessary to recover the junk fees wrongfully charged to Plaintiff and other Mainers who had their loan contracts turned over to Ally Bank by LCE and other dealers" and then defines the purported class identified above. (*Id.* ¶ 41). The Complaint alleges that "On information and belief, the joinder of all persons who meet the class definition of the Plaintiff Class in a single proceeding would be impractical as there are hundreds of such people," "Plaintiff's claims are typical of the class claims," "the common issues are the predominant issues and resolution of the common issues can resolve the claims of all class members in a single stroke," "the Plaintiff Class is also superior given the relatively small amount of potential damages for each class member, the potential lack of a class member's ability to pursue their own claims," and that "Plaintiff does not have any interests antagonistic to the class." (*Id.* ¶¶ 43-50.)

12. As such, this matter is a class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

## The Number of Alleged Class Members Exceeds 100

13. Plaintiff alleges that the putative class he seeks to represent is so numerous that joinder of each member of the class would be impracticable. (*See* Compl. ¶ 43). Based on Plaintiff's proposed class definition, Ally represents that the putative class size exceeds 100. This purported class action thus meets the requirements of 28 U.S.C. § 1332(d)(5)(B).

## Diversity of Citizenship Exists

14. CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). With minimal diversity under CAFA, "only one member of the plaintiff class – named or unnamed – must be diverse from any one defendant." *Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 1194 n.24 (11th Cir. 2007).

15. Ally is a state-chartered bank organized under the laws of Utah with its principal place of business located in Sandy, Utah.

16. Plaintiff avers that he is a Maine citizen, residing and domiciled in Kennebec County, Maine. (Compl. ¶ 16.) Because Ally is a citizen of Utah and Plaintiff is a citizen of Maine, CAFA's requirement of minimal diversity is satisfied.

---

[1] Although this action was filed by Plaintiff as a putative class action and is therefore removable under the relevant statutes, Ally does not admit that this action can properly proceed as a class action. Ally expressly reserves the right to challenge whether the action brought by Plaintiff meets the requirements of Fed. R. Civ. P. 23 or any other applicable rule.

<u>The Amount in Controversy Requirement Is Satisfied</u>

17. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). To do so, Ally "must show a reasonable probability that more than $5 million is at stake in this case." *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009).

18. Regarding the amount in controversy "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 (1st Cir. 2014) (*quoting Amoche*, 556 F.3d at 51) (emphasis in original).

19. The $5,000,000 amount in controversy necessary for CAFA jurisdiction is satisfied here. Plaintiff asks that the Court (a) find that Ally is liable for violations of the Maine Unfair Trade Practices Act, (b) grant injunctive relief, (c) determine the amount of damages to Plaintiff and the putative class, and (d) award the Plaintiff and the putative class their reasonable attorneys' fees and costs pursuant to 5 M.R.S.A. § 213.  (Compl. WHEREFORE ¶¶ (a) through (f).)

20. Plaintiff alleges that the damages that he and the putative class suffered were the payment of "document fees" and "any interest charged" on the document fee because Plaintiff and the putative class got "nothing of any value from paying" the fee for the dealer to prepare the necessary documents to sell the vehicle.  (*See* Compl. ¶¶ 30, 35.)

21. Ally has conducted an initial search for document fees charged to consumers in Maine within the relevant period.  Based on this initial investigation, the amount of "document fees" at issue by itself exceeds $5,000,000. *See Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

22. Importantly, Ally disagrees that fees to prepare automobile sales documents are somehow intrinsically unlawful, disputes that Plaintiff's evidence as to his own experience with a single dealership would provide common proof as to the putative class, disagrees that Plaintiff has demonstrated that he was unaware of the document fee when he executed multiple contracts explicitly disclosing the fee, contests that Plaintiff may properly certify this class, and opposes any claim that the putative class should recover in excess of $5 million. Nevertheless, the amount that is in *controversy* for this litigation exceeds $5 million.

23. In total, the amount in controversy exceeds the $5,000,000 CAFA threshold.

## CONCLUSION

For the reasons set forth above, Ally respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated at Portland, Maine on August 28, 2024.

    Respectfully Submitted,
    Ally Bank

    by its attorneys,
    PRETI FLAHERTY BELIVEAU &
    PACHIOS, LLP

    */s/ Sigmund D. Schutz*
    Sigmund D. Schutz
    Preti Flaherty, LLP
    One City Center
    P. O. Box 9546
    Portland, ME  04112-9546
    Telephone: 207.791.3000
    sschutz@preti.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that on August 28, 2024, a copy of the above and foregoing *Notice of Removal* was filed with the United States District Court for the District of Maine and sent via U.S. Mail and email to Plaintiff's counsel

   John Z. Steed, Esq.
   Island Justice
   P.O. Box 711
   Stonington, ME 04681
   (202) 200-7077
   john@islandjusticelaw.com

     */s/ Sigmund D. Schutz*
     Sigmund D. Schutz
     Preti Flaherty, LLP
     One City Center
     P. O. Box 9546
     Portland, ME 04112-9546
     Telephone: 207.791.3000
     sschutz@preti.com

22195341.1