UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL MIGLIACCIO,<br><br>    Plaintiff<br><br>v.<br><br>ALLY BANK,<br><br>    Defendant | )<br>)<br>)<br>)<br>)  1:24-cv-00307-SDN<br>)<br>)<br>)<br>) |

### RECOMMENDED DECISION ON MOTION TO COMPEL ARBITRATION AND TO STRIKE CLASS CLAIMS

In this action, Plaintiff alleges that the document fees charged by Defendant's assignor, a local car dealer, violate the Maine Unfair Trade Practices Act. (Complaint, ECF No. 1-1.) Defendant moves to compel arbitration and strike the class claims, or, in the alternative, to dismiss Plaintiff's claim. (Motion to Compel, ECF No. 9.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant Defendant's motion to compel arbitration and to strike the class claims.

**FACTUAL BACKGROUND**

In April 2024, Plaintiff purchased a 2019 Subaru Crosstrek from Lee Credit Express (Lee). (Complaint ¶ 19.) Lee advertised the car's price as $20,494.00. (*Id.* ¶ 20.) The final amount that Plaintiff paid was more than the advertised price due to several fees, including a $649.00 document fee. (*Id.* ¶ 21.) Plaintiff financed his purchase of the vehicle through a loan with Lee. (*Id.* ¶ 22.)

As part of the purchase, Plaintiff and Lee executed two documents: a Retail Purchase Agreement (RPA) and a Retail Installment Sale Contract (RISC).  The RPA provides in part the following language in a section entitled "AGREEMENT TO ARBITRATE," which section Plaintiff separately acknowledged in writing:

> Purchaser(s) and Dealer ("Parties") agree, except as otherwise provided in this Agreement, to resolve by binding arbitration any Dispute between them. . . . BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ PARAGRAPH 15 ON THE REVERSE SIDE AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS OF THIS AGREEMENT TO ARBITRATE. THE PARTIES UNDERSTAND THAT EXCEPT FOR THOSE DISPUTES SPECIFICALLY EXEMPTED FROM ARBITRATION, THEY ARE WAIVING THEIR RIGHT TO A JURY TRIAL AND THEIR RIGHT TO BRING OR PARTICIPATE IN ANY CLASS ACTION OR MULTI-PLAINTIFF ACTION IN COURT OR THROUGH ARBITRATION.

(Exhibit A to Motion at 1, ECF No. 9-1.)  The RPA also states that the term "Agreement" within the document means "this Retail Purchase Agreement together with any documents that are part of this transaction or incorporated into this Agreement by reference, whether such reference is made in this Agreement or the document itself."  (*Id.* ¶ 1.)  Paragraph 15 of the RPA states in part:

> Buyer and Seller agree that all claims, disputes, or controversies of every kind and nature that may arise between Buyer and Seller shall be submitted to and resolved by binding arbitration, whether based in part or in whole on contract, tort common law, statute, regulation or equity, including but not limited to any Claim related to . . . (4) the Retail Installment Sales Contract (or other document providing for the financing of the purchase of the Vehicle), the Retail Purchase Agreement, and any related document, transaction, occurrence or relationship. . . . This arbitration Agreement shall apply to any claims against, or that may be invoked by, the assigns, directors, officers, representatives, agents, employees, parent companies, affiliated companies, subsidiaries and successors of Seller, and the administrators, assigns, executors, heirs and representatives or agents of Buyer.

(*Id.* ¶ 15.)

The RISC does not contain a separate arbitration agreement. (*See generally* Exhibit B to Motion, ECF No. 9-2.) Lee assigned the RISC to Defendant after the sale. (Complaint ¶ 23; Exhibit B at 1.)

## DISCUSSION

**A.     Request to Compel Arbitration**

Defendant argues that the arbitration agreement in the RPA applies to the RISC that was assigned to Defendant. Plaintiff contends that the arbitration agreement is exclusively between Plaintiff and Lee and thus unenforceable by Defendant and that Defendant has not otherwise demonstrated that arbitration is required.

**1.     Consideration of the RPA**

Plaintiff contends Defendant's motion fails because Defendant relies on the terms of the RPA, which the Court cannot consider because it is not properly before the Court. With its motion, Defendant included a copy of the RPA. (*See* Exhibit A to Motion.) Plaintiff argues that because the summary judgment standard governs the Court's assessment of the motion to compel arbitration and because Defendant did not introduce the document as evidence nor file an affidavit to authenticate it, the Court cannot consider the document. (Plaintiff's Response at 10, ECF No. 15.) Plaintiff's argument is unpersuasive.

While courts apply the summary judgment standard to motions to compel arbitration, *Air-Con, Inc. v. Daikin Applied Latin America, LLC*, 21 F.4th 168, 175 (1st Cir. 2021), "courts have done so only to the extent that summary judgment requires the

3

absence of genuine issues of material fact." *Umbenhower v. Copart, Inc.*, No. 03-2476-JWL, 2004 WL 2660649, at *6 n.4 (D. Kan. Nov. 19, 2004); *accord Air-Con, Inc.*, 21 F.4th at 175. The approach does not require compliance with all the requirements of Federal Rule of Civil Procedure 56. Although some courts have denied a motion to compel arbitration for lack of authentication of a document, they have done so after a party raised concerns of the document's validity. *See Pearson v. United Debt Holdings LLC*, 123 F. Supp. 3d 1070, 1072–73 (N.D. Ill. 2015) ("[Plaintiff] submitted an affidavit acknowledging that he entered into a loan agreement, but disputing that he had ever seen any of the provisions of the document that [defendant] attached to its motion to compel arbitration."); *Holloman v. Consumer Portfolio Servs., Inc.*, No. RDB-23-134, 2023 WL 4027036, at *6 (D. Md. June 15, 2023).

Here, Plaintiff does not dispute the validity of the RPA submitted by Defendant. In fact, Plaintiff provided the same RPA with his response to the motion and acknowledged the arbitration agreement within the RPA. (*See* Exhibit 1, ECF No. 15-1; Plaintiff's Response at 8); *Pearson*, 123 F. Supp. 3d at 1074 (requiring authentication when the plaintiff did not "admit[] through statements or conduct that the document attached to the motion to compel arbitration is the agreement into which he entered."); *LPP Mortg., Ltd. v. M/V Cape Ann*, No. 02-10787-MBB, 2005 WL 8176142, at *3 n.5 (D. Mass. Jan. 20, 2005) (acknowledging that a court may sua sponte find a party has waived objections to authenticity). Because both parties have submitted the RPA and neither questions the authenticity of the document, a formal authentication of the document is not required, and the RPA is appropriate for the Court's consideration. *See Air-Con, Inc.*, 21 F.4th at 175

n.8 (quoting *Soto v. State Indus. Prods., Inc.*, 642 F.3d 67, 72 n.2 (1st Cir. 2011) ("The non-moving party 'cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial.'").

### 2. Defendant's Ability to Enforce the Arbitration Agreement

Plaintiff argues that Defendant cannot enforce the arbitration agreement because although the RISC was assigned to Defendant, the arbitration clause is included in the RPA, which was not assigned to Defendant.

The Federal Arbitration Act (FAA) "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Soto–Fonalledas v. Ritz–Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 474 (1st Cir. 2011). Section 4 of the FAA provides that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration," may petition a federal district court that would otherwise have subject matter jurisdiction, "for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.

"To compel arbitration, the defendants 'must demonstrate that a valid agreement to arbitrate exists, that the[y are] entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'" *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 6 (1st Cir. 2014) (quoting *Soto–Fonalledas*, 640 F.3d at 474).  "A court may order parties to arbitrate a given dispute only if they have agreed to submit such a dispute to arbitration." *Escobar-Noble v. Luxury*

5

*Hotels Int'l of Puerto Rico, Inc.*, 680 F.3d 118, 121 (1st Cir. 2012). "A long-standing given in contract law is [] that an 'assignee stands in the shoes of the assignor.'" *Barbosa v. Midland Credit Mgmt., Inc.*, 981 F.3d 82, 90 (1st Cir. 2020) (quoting *MacKenzie v. Flagstar Bank*, 738 F.3d 486, 494 (1st Cir. 2013)). If an assignor would have the right to enforce an arbitration agreement, the assignee would also have the right. *Id.*

Plaintiff acknowledges that he and Lee agreed to an arbitration provision in the RPA. (*See* Plaintiff's Response at 8) ("[I]t seems likely that the Dealer and the Plaintiff formed an agreement to arbitrate under the RPA."). The arbitration agreement in the RPA states that the agreement applies to any claims against "the assigns" or "successors" of Lee. Notably, the arbitration agreement applies to Lee's assigns and is not limited to the assigns of the RPA. Furthermore, the agreement to arbitrate applies to all claims "related to … (4) the Retail Installment Sales Contract (or other document providing for the financing of the purchase of the Vehicle)." Finally, as used in the RPA, "Agreement" means the RPA "together with any documents that are part of this transaction or incorporated into this Agreement by reference, whether such reference is made in this Agreement or the document itself."

The facts and the court's reasoning in *Loyola American Credit Acceptance, LLC*, No. 2:19-cv-00002-SMJ, 2019 WL 1601362 (E.D. Wash. Apr. 15, 2019), are instructive. In *Loyola*, the plaintiffs alleged various claims against the defendant based on the repossession of the plaintiffs' motor vehicle. The plaintiffs and an automobile dealer had entered into a Retail Purchase Agreement and a Retail Installment Sale Contract. The dealer assigned the Retail Installment Sale Contract to the defendant. The defendant

6

moved to compel arbitration, citing arbitration language in the Retail Purchase Agreement. After reviewing language in the Retail Purchase Agreement similar to the language in the RPA in this case, the court concluded, "considering the entire context in which the contract was entered into, [the defendant] has demonstrated that it obtained the right to enforce the arbitration agreement by virtue of assignment." *Loyola*, 2019 WL 1601362, at *7.

The same reasoning applies in this case. Because the RPA includes the RISC (i.e., "agreement" is defined as the RPA "together with any documents that are part of this transaction"), and because the arbitration agreement applies to Lee's assigns and the RISC, through the assignment, Defendant obtained the right to enforce the arbitration agreement.[1]

**B.     Class Action**

The RPA includes an unambiguous waiver of the right to bring or participate in any class action, either in court or through arbitration. (Exhibit A at 1.) Supreme Court precedent establishes that such a waiver is generally enforceable. *Christensen v. Barclays Bank Del.*, No. 1:18-cv-12280-ADB, 2019 WL 1921710, at *6 (D. Mass. Apr. 30, 2019) (citing *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235–36 (2013); *see also Shetiwy v. Midland Credit Management*, 959 F. Supp. 2d 469, 475 (S.D. N.Y. 2013) ("[T]he Supreme Court has made clear that a generalized congressional intent to vindicate statutory rights cannot override the FAA's mandate that courts enforce arbitration clauses, including

---

[1] Plaintiff argues in part that Defendant cannot enforce the arbitration agreement because of an integration clause in the RISC. (Plaintiff's Response at 10–11.) An integration clause does not prevent the Court from interpreting the RPA and RISC together. *See Rota-McLarty v. Santander Consumer*, *USA, Inc.*, 700 F.3d 690, 700 (4th Cir. 2012) (citing Maryland law to find that integration clause did not prevent reading instruments together where a Retail Installment Sale Contract contained an integration clause).

those with class action waivers, as written"). Plaintiff has offered no persuasive evidence or argument as to why the Court should not apply the principle in this case.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to compel arbitration and to strike the class claims.[2]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of February, 2025.

---

[2] Because I recommend the Court grant the motion to compel arbitration, I do not address Defendant's alternative request for dismissal.