UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **PAUL MIGLIACCIO** <br><br> PLAINTIFF <br><br> v. <br><br> **ALLY BANK** <br><br> DEFENDANT | CIVIL ACTION NO: 1:24-CV-00307-SDN |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OBJECTION TO RECOMMENDED DECISION ON MARCH 28, 2025**

NOW COMES the Plaintiff, Paul Migliaccio, by and through undersigned counsel, and respectfully moves this Honorable Court for leave to file his Objection to the Magistrate Judge's Report and Recommended Decision (Doc. 17) on March 28, 2025. In support of this Motion, Plaintiff submits the following memorandum of law.

    I.    **FACTUAL BACKGROUND**

On February 27, 2025, Magistrate Judge Nivison issued a Report and Recommended Decision regarding Defendant's Motion to Compel Arbitration and Strike Class Claims (Doc. 17). On March 4, 2025, Plaintiff filed a Consented Motion to Enlarge Time to Object to the Recommended Decision (Doc. 18), which was granted the same day, extending the deadline to file objections to March 27, 2025 (Doc. 19).

Due to a calendaring error, undersigned counsel inadvertently docketed the deadline as March 28, 2025, rather than March 27, 2025. As a result, Plaintiff's Objection to the Report and Recommended

Decision was filed on the morning of March 28, 2025 (Doc. 21), less than one day after the agreed-upon deadline. Counsel only became aware of this error on April 28, 2025, after reviewing Defendant's Response to Plaintiff's Objection (Doc. 22), which noted the late filing.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that the Court may, for good cause, extend a deadline after it has expired "if the party failed to act because of excusable neglect." The Supreme Court has established that excusable neglect is an "elastic concept" that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993).

The Pioneer Court held "excusable neglect" is not limited to only to situations beyond a party's control, stating that "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. This equitable approach is consistent with the policies underlying civil procedure, as courts are "entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the judicial process." *Id.* at 389.

To determine whether neglect is excusable, courts consider four principal factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

The First Circuit has applied the *Pioneer* factors in numerous cases, including *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005), where the court reiterated that all four factors must be considered in the

excusable neglect analysis. In *Hospital del Maestro v. National Labor Relations Board*, 263 F.3d 173, 175 (1st Cir. 2001), the court noted that while the factors are not weighted equally, and the excuse given for the late filing carries significant weight, all factors must be considered as part of the equitable analysis.

Whether to extend a deadline and allow a late filing is committed to the Court's discretion. *Perez–Cordero v. Wal–Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir. 2006) ("we generally defer to the district court's broad discretion in assessing such case management decisions.").

### III.   ARGUMENT

The circumstances of this case clearly warrant a finding of excusable neglect under the equitable principles established in *Pioneer*.

**1. Reason for the Delay**

The reason for the delay in this case was a simple calendaring error—counsel recorded the deadline as March 28, 2025 instead of March 27, 2025.

The one-day calendaring error here is even less severe than the one in *Perry v. Wolaver*, 506 F.3d 48 (1st Cir. 2007), in which the First Circuit upheld the district court's finding of excusable neglect where the responding party was seven days late in responding to a Motion for Summary Judgment because counsel did not see an ECF notice. *Id.* at 56. Similarly, in *Lush v. Terri and Ruth F/V*, 309 F.Supp.2d 131 (D. Me. 2004), the court found excusable neglect when a plaintiff missed a deadline by three days when counsel misread an electronic docket entry. That is similar to counsel's error here, which involved mis-calendaring the deadline in a docket entry by one day.

This short delay due to a clerical error stands in stark contrast to the more serious lapses found in cases where courts declined to find excusable neglect. For example, in *Santos-Santos v. Torres-Centeno*, 842 F.3d 163 (1st Cir. 2016), counsel for the plaintiff missed the deadline to respond to a magistrate

judge's report and recommendation for *several months*, claiming that the notice of the filing went to his spam folder. The court found that counsel's complete failure to monitor the docket for months did not constitute excusable neglect. *Id.* at 169. Unlike that complete failure to monitor the docket for months, here counsel actively monitored the docket and deadlines but made a specific one-digit error in calendaring a deadline. Thus, this factor weighs in favor of a finding of excusable neglect.

### 2. Length of Delay and Impact on Judicial Proceedings

The delay in this case was minimal—less than one day. The First Circuit has found excusable neglect for much longer delays. In *Perry*, the court found no abuse of discretion in the district court's decision to excuse a seven-day delay. 506 F.3d at 56. In *Lush*, this District Court found a three-day delay to be "insignificant." 309 F.Supp.2d at 133. Thus, this factor supports a finding of excusable neglect in this instance, where the delay was less than one-day.

### 3. Danger of Prejudice to Defendant

No prejudice to Defendant has resulted from the less than one-day delay between receiving the filing in the evening of March 27 and the morning of March 28, nor does Defendant claim any prejudice in its Response to the Plaintiff's Objection. Defendant had ample time to respond to the Plaintiff's objection, and it did so. In *Perry*, the First Circuit affirmed the district court's finding that there was "no prejudice to [the opposing party] because the same issues and evidence were already before the court." 506 F.3d at 56. Similarly, in this case, Defendant was not required to develop new arguments or address or deal with any unexpected issues due to the one-day delay. As in *Lush*, here "the delay was insignificant, no prejudice has been shown and any potential impact on the judicial proceedings is insubstantial," so excusable neglect is properly found. 309 F.Supp.2d at 133-34.

### 4. Good Faith

Plaintiff and his counsel have acted in good faith throughout this litigation. There is no evidence that the less-than one-day delay was the result of any deliberate strategy or attempt to gain an advantage. The objection was filed on the date counsel genuinely, albeit mistakenly, believed it was due. This stands in contrast to cases where courts have found a lack of good faith, such as where attorneys have engaged in a pattern of delays or procedural violations.

In *Perry*, the First Circuit affirmed the district court's conclusion that "there was no hint of bad faith or intent to delay" where counsel promptly responded upon learning of the error. *Perry*, 506 F.3d at 56. Similarly, in this case, counsel's error was an isolated incident in an otherwise timely managed litigation and the Plaintiff has responded promptly upon learning of the mistake.

**CONCLUSION**

The totality of circumstances in this case—most notably the minimal one-day delay, the absence of prejudice to Defendant, and the lack of impact on judicial proceedings—strongly supports a finding of excusable neglect under the equitable framework established in *Pioneer* and consistently applied by the First Circuit.

For the foregoing reasons, Plaintiff respectfully requests that this Court find excusable neglect for the one-day delay in filing the objection to the Magistrate Judge's Report and Recommended Decision and accept Plaintiff's objection as timely filed.

                                                Respectfully Submitted,

Dated: April 29, 2025                    /s/    John Z. Steed
                                                John Z. Steed, Esq. #5399
                                                Island Justice
                                                P.O. Box 771
                                                Stonington, ME 04681
                                                (207) 200-7077
                                                john@islandjusticelaw.com

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of this document was served on the Defendant's counsel of record when filed through the Court's CM/ECF system on April 29, 2025.

                        /s/    John Z. Steed

                        John Z. Steed, Esq. #5399