UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL MIGLIACCIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:24-cv-00307-SDN |
| | ) |
| ALLY BANK, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

In this action, Plaintiff Paul Migliaccio moves this Court "to certify for interlocutory appeal its . . . Order compelling arbitration, enforcing a class-action waiver, and staying proceedings." ECF No. 28 at 1. Mr. Migliaccio seeks interlocutory review of this Court's Order under 28 U.S.C. § 1292(b), arguing that because the questions of Maine contract law underlying my previous Order (the "Order"), *see* ECF No. 26, are "purely legal, subject to substantial disagreement among reasonable jurists, and dispositive of whether this case proceeds in court or arbitration," interlocutory appellate review of the Order "will materially advance the ultimate termination of the litigation." ECF No. 28 at 1–2. In response, Defendant Ally Bank argues Mr. Migliaccio has failed to meet the "stringent criteria" of § 1292(b) and that his motion should be denied. *See* ECF No. 29. For the reasons that follow, I deny Mr. Migliaccio's motion for a certificate of appealability of my September 24, 2025, Order compelling arbitration.

## BACKGROUND

This Order incorporates by reference the factual and procedural background as detailed in the Order affirming the Magistrate Judge's Recommended Decision and compelling arbitration. *See* ECF No. 26 at 2–5. In affirming the Magistrate Judge's

Decision, and thus granting Ally Bank's motion to compel arbitration and strike the class claims alleged by Mr. Migliaccio, I found that Ally Bank had satisfied their burden under the Federal Arbitration Act (the "FAA") to demonstrate "that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." *See id.* at 6 (quoting *Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 174 (1st Cir. 2021); *id.* at 7–12. Specifically, I found that the language in the Retail Purchase Agreement (the "RPA") between the original car dealer and Mr. Migliaccio evinced the dealer's intent to assign the right to enforce the RPA, and thus the right to enforce the agreement's mandatory arbitration clause, to Ally Bank. *See id.* at 10–11. In reaching this conclusion, I affirmed the Magistrate Judge's reasoning relying on the "unitary transaction" approach utilized by Maine state courts, which considers multiple written instruments together when they are part of the same transaction in resolving issues of contract interpretation. *See id.* at 10–11; *see also DiPetro v. Boynton*, 628 A.2d 1019, 1022 (Me. 1993) ("[W]here several instruments are made part of one transaction, they will be read together and each will be construed with reference to the others, although the instruments do not in terms refer to each other.").

In his motion, Mr. Migliaccio asserts that interlocutory review of the Order is warranted under § 1292(b) because the Order rests "on two controlling and unresolved questions of Maine contract law—whether an integration clause in one contract bars consideration of a contemporaneous agreement containing an arbitration clause, and whether assignment of a portion of a broader agreement transfers the right to enforce arbitration provisions found only in the retained part of the agreement." ECF No. 28 at 1. Mr. Migliaccio argues these questions of law are "controlling" because each question

dictates the forum in which the case will proceed, either in individual arbitration or before this Court, and because the assignment question determines who may invoke the mandatory arbitration clause. *See id.* at 6–8. In addressing the remaining § 1292(b) factors, Mr. Migliaccio contends that there is substantial ground for difference of opinion on both legal issues under "unsettled" Maine law and further that an interlocutory appeal will materially advance the termination of this litigation, as appellate review will "ensure the merits are litigated in the right forum from the beginning" and will prevent the possibility of litigating the merits of the case twice. *See id.* at 8–12. In response, Ally Bank argues Mr. Migliaccio has failed to demonstrate "exceptional circumstances" to overcome the presumption against interlocutory review of an order compelling arbitration. ECF No. 29 at 3. In particular, Ally Bank contends that the Order does not involve a "controlling question of law" because its reversal would not terminate the action, but instead would re-open the case for further litigation before this Court. *Id.* at 3–4.

## DISCUSSION

To start, there exists a heavy presumption against the type of interlocutory appeal Mr. Migliaccio seeks under the FAA, which was enacted in order to "overcome judicial resistance to arbitration and to declare a national policy favoring arbitration of claims that parties contract to settle in that manner." *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (quotation modified). Section 16(b) of the FAA states that "[e]xcept as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order . . . compelling arbitration under section 206 of this title . . . ." 9 U.S.C. § 16(b)(3). The limited exception found in 28 U.S.C. § 1292(b) applies when the district court is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the

3

order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Caraballo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986)).

For the purposes of § 16(b)(3), "[w]hether an order compelling arbitration is interlocutory or final depends on whether the district court chooses to stay litigation pending arbitration or instead to dismiss the case entirely." *Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc.*, 622 F.3d 36, 43 (1st Cir. 2010). "If the district court stays litigation, parties wishing to challenge the case's arbitrability must normally wait until the arbitrator resolves the matter on the merits and the district court enters a final judgment." *Id*. However, if a district court "couples its order compelling arbitration not with a stay but with an outright dismissal . . . then an appeal may be taken." *Id*. In *Braintree*, the First Circuit found that, because the district court had stayed the underlying litigation pending arbitration of plaintiff's claims, the court lacked jurisdiction to review the district court's interlocutory order compelling arbitration. *See id*. 45–46.

In my previous order affirming the Magistrate Judge's Recommended Decision, I "refer[red] the parties to arbitration and stay[ed] the case while the parties arbitrate their dispute." ECF No. 26 at 12. Accordingly, under the FAA, the appellate court lacks jurisdiction to consider Mr. Migliaccio's appeal of the order compelling arbitration. In his motion, Mr. Migliaccio does not identify any "exceptional circumstances" which would prompt interlocutory certification of his appeal pursuant to § 1292(b). This Court is not aware of, and Mr. Migliaccio does not present, any controlling authority that has

4

authorized interlocutory review of an order compelling arbitration pursuant to § 16(b)(3) of the FAA. Nevertheless, I will briefly consider whether Mr. Migliaccio has met the stringent standard under § 1292(b) to allow this Court to certify the issues for interlocutory appeal.

"A question of law is 'controlling' if reversal [of the district court's order] would terminate the action." *Meijer, Inc. v. Ranbaxy, Inc.*, 245 F. Supp. 3d 312, 315 (D. Mass. 2017) (quoting *Philip Morris, Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997)). These questions "typically implicate a pure legal principle that can be resolved without extensive consultation to the record." *Courtemanche v. Motorola Sols., Inc.*, No. 4:24-CV-40030, 2025 WL 2229408, at *3 (D. Mass. Aug. 5, 2025) (quoting *Meijer*, 245 F. Supp. 3d at 315)). Mr. Migliaccio seeks interlocutory review of the Order compelling arbitration while staying the case based on two legal questions, as identified by Mr. Migliaccio, involving issues of contact interpretation under Maine law. ECF No. 28 at 2-3.[1] Without opining on either Mr. Migliaccio's characterization of the legal questions or the merits of such questions, I find that neither legal question is "controlling" as to justify interlocutory review under 28 U.S.C. § 1292(b).

First, the reversal of the Order would not terminate the instant action, as litigation over Mr. Migliaccio's initial complaint against Ally Bank would persist before this Court. Second, I find that neither legal question can be resolved without "extensive consultation

---

[1] In his motion, Mr. Migliaccio enumerates the legal questions as follows:

"1) Under Maine contract law, when two written agreements are part of the same transaction, does an integration clause in one prevent treating the other as part of the contract when one agreement is meant to be assigned and the other is not?

2) Under Maine contract law, does the assignment of one set of rights in an agreement—the rights connected to lending money—demonstrate the specific intent required to assign the other rights contained in the broader agreement between the original parties?" ECF No. 28 at 2–3.

to the record," *see Meijer*, 245 F. Supp. 3d at 315, as the issues of contract interpretation presented by the parties' briefings to this Court involve a fact-intensive review of the specific documents and language used in the transaction between the original car dealer, Mr. Migliaccio, and Ally Bank regarding Mr. Migliaccio's purchase of a vehicle. Accordingly, I find that the Order does not involve a "controlling question of law" to satisfy the limited exception to the presumption against interlocutory review of orders compelling arbitration.[2]

"Certification under § 1292(b) is an extraordinary procedure and the party seeking it bears a heavy burden of convincing the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 89 (D. Mass 2010). Because Mr. Migliaccio has failed to establish such exceptional circumstances, and in considering the "national policy favoring arbitration of claims that parties contract to settle in that manner," *Vaden*, 556 U.S. at 58, I therefore find that Mr. Migliaccio is not entitled to interlocutory review of the September 24, 2025, Order compelling arbitration.

## CONCLUSION

For the foregoing reasons, Mr. Migliaccio's motion for a certificate of appealability with respect to the September 24, 2025, Order, ECF No. 28, is **DENIED**.

---

[2] In finding that Mr. Migliaccio has necessarily failed to demonstrate that the Order involves a "controlling question of law," I decline to consider the remaining factors under 28 U.S.C. § 1292(b): whether there is "substantial ground for difference of opinion" on the legal question(s) presented, and whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

**SO ORDERED.**

Dated this 13th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**